IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff, ) | Criminal No. 03-68-01-KI |
| ) | Civil No. 05-37-KI |
| vs. ) | |
| ) | OPINION AND ORDER |
| FELIPE BRACAMONTES-RODRIGUEZ, ) | |
| ) | |
| Petitioner-Defendant. ) | |

Karin J. Immergut
United States Attorney
District of Oregon
John Deits
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorney for Respondent-Plaintiff

Felipe Bracamontes-Rodriguez
59364-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378-065

    Pro Se Petitioner-Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, to vacate or correct sentence (#27) by defendant Felipe Rodriguez-Bracamontes. For the reasons set forth below, I deny the motion.

## BACKGROUND

On April 28, 2003, defendant pled guilty to one misdemeanor (Count Two) and one felony count (Count Three) of illegal entry by eluding examination and inspection (8 U.S.C § 1325(a)). Defendant was last deported from the United States on February 17, 2001, following his March 13, 1995, conviction for Use of a Firearm During and in Relation to Drug-Related Activity in CR 93-400-HA, for which he received sixty months in prison. At that time defendant also received forty months in prison due to a conviction for Use of Communication Facility (U.S. Mail) to Conduct Drug Activity. The current offense was committed while defendant was on supervised release as a result of the sentence imposed on March 13, 1995.

On May 17, 2004, this court sentenced defendant to six months in prison on Count Two, twenty-four months in prison on Count Three, and seven months in prison for a supervised release violation, to run consecutively. This sentence was based on a Total Offense level of 21 and a Criminal History category of III. Defendant filed this motion eight months later, on January 11, 2005.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

If credibility can be conclusively decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Judges may supplement the record with their own recollections of the plea and sentencing hearings and may use common sense. Id.

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion. Defendant alleges he was deprived of his Sixth Amendment right to effective assistance of counsel because his counsel threatened and coerced him to plead guilty. This claim is directly contradictory to statements defendant made under oath at his change of plea hearing. Defendant answered no at the hearing when asked if anyone had threatened or intimidated him in any way to get him to plead guilty when he really did not want to. Transcript of Change of Plea Proceedings ("Transcript") at 10. Defendant also stated that he was satisfied with the help his lawyer had given him. Transcript at 6. Mr. Calhoun, defendant's appointed public defender, stated in his sworn affidavit, filed in

support of the government's response to this motion, that he did not threaten, coerce, or lie to the defendant while representing him. Defendant also claims Mr. Calhoun lied to him about a secret government witness. Mr. Calhoun directly refutes this claim in his affidavit by stating that there was no secret government witness.

Defendant readily admitted the allegations against him at both his change of plea and his sentencing hearings. His allegations are soundly refuted by his own sworn testimony. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . . ." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Defendant's motion based on ineffective assistance of counsel because his attorney coerced him into pleading guilty is denied because defendant has not proven his plea was involuntary.

Defendant also claims he was deprived of his right to effective assistance of counsel because Mr. Calhoun failed to inform him of, and assert his rights under, the Vienna Convention. Under the Vienna Convention, law enforcement officials shall inform arrested foreign nationals of their right to notification of their consulates. Vienna Convention on Consular Relations, Apr. 24, 1963, Article 36 (b) and (c), 21 U.S.T. 77. Assuming the Vienna Convention creates enforceable individual rights, any violations of those rights was cured by defendant's unconditional guilty plea. An unconditional guilty plea cures any pre-plea treaty defects just as it cures any pre-plea constitutional defects. United States v. Reyes-Platero, 224 F.3d 1112, 1115 (9th Cir. 2000).

A defendant may "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [inadequate]." Tollett v. Henderson, 411 U.S. 258 (1973). Defendant alleged he was deprived of his rights under Article 36 of the Vienna

Page 4 - OPINION AND ORDER

Convention when arresting officers and federal officials failed to notify him of his right to contact the Mexican Consulate. This argument does not address the nature of defendant's plea or assistance of his counsel and therefore, is waived. Defendant also alleges that if he had assistance of Mexican counsel, his attorney would not have been able to coerce him to abandon his right to a jury trial. Again, in the change of plea hearing, defendant stated, under oath, that he had not been threatened or coerced into making his plea. Defendant also stated that he understood he was giving up his right to a trial by jury. Transcript at 13. Defendant has not proven his plea was involuntary, thus his motion based on ineffective assistance because he was not informed of the Vienna Convention is denied.

As the government points out, defendant's motion is difficult to understand and contains a motley assortment of arguments. For example, defendant alleges he was given notice of permission to re-enter the United States upon his first deportation and that he was not administered Miranda warnings. He also alleges Congress can not supersede the Treaty of Guadalupe Hidalgo and that the Commerce Clause does not give the government power to hold defendant in prison. These allegations are irrelevant because defendant voluntarily pled guilty.

In addition, defendant includes in his motion conclusory claims that should not be the basis of a section 2255 motion. Section 2255 motions are restricted to challegnes to the legality of the sentence. Defendant's requests of cancellation of removal under INA §240A(b) and asylum under INA § 208 are not the proper subjects of a section 2255 claim.

Finally, defendant argues that he should have received a number of downward departures at sentencing. However, the plea agreement prohibited defendant from requesting any downward adjustments or departures from the applicable guideline range. As explained above, defendant voluntarily signed the plea agreement, therefore the terms of the agreement are enforceable.

Defendant also alleged he objected to an eighteen month enhancement in his direct appeal and the U.S. Supreme Court in <u>Blakely v. Washington</u> requires the enhancement be set aside. Defendant did not appeal his sentence, this is the first motion he has made regarding his case. Also, defendant did not receive a sentencing enhancement. The statutory maximum for count two was six months, which defendant received, and the statutory maximum for count three was twenty-four months, which defendant also received. Based on the total offense level of 21 and the criminal history category of III, the sentencing guideline range was 46-57 months. Defendant's sentence of thirty months was well below this range. Therefore, rather than receiving an enhancement, defendant received a significant reduction from the sentencing guidelines.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, to vacate or correct sentence (#27) by defendant Felipe Rodriguez-Bracamontes is denied.

IT IS SO ORDERED.

Dated this /s/ day of August, 2005.

/s/ Garr M. King
Garr M. King
United States District Judge